UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **PAUL J. HOUSE, III,** ) | |
| ) | |
| **Petitioner,** ) | |
| v.   ) | **Case No. 05-CV-2069** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION

On March 11, 2005, Petitioner, Paul J. House, III, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) with supporting attachments. Petitioner raised four arguments: (1) that his counsel provided ineffective assistance because his counsel allowed him to enter into a plea agreement under which his sentence exceeded the statutory maximum; (2) his sentence is in violation of the Fifth Amendment because it exceeds that statutory maximum; (3) his sentence was improperly increased based upon facts not found by a jury beyond a reasonable doubt; and (4) his sentence was calculated based upon the wrong sentencing guidelines. On July 1, 2005, the Government filed its Motion to Dismiss (#5). The Government argued that Petitioner's written waiver of his right to collateral attack, which was included in his written plea agreement, bars his motion under 28 U.S.C. § 2255. The Government also argued, in the alternative, that Petitioner's claims should be denied on their merits. On July 21, 2005, Petitioner filed a Response to the Motion to Dismiss (#6).

This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, the Government's Motion to Dismiss (#5) is GRANTED. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is

dismissed.

## FACTS

On November 13, 2003, Petitioner entered a guilty plea to an eleven-page information charging him with eight counts of mail fraud. Prior to the hearing, Petitioner signed a 21-page written plea agreement. The plea agreement was also signed by his attorney, Mark D. Johnson, and Assistant United States Attorney Colin S. Bruce. At the guilty plea hearing, this court first determined that Petitioner knowingly and voluntarily waived his right to proceed by way of indictment. Petitioner then signed a waiver of indictment form. This court also carefully and thoroughly advised Petitioner of all the rights he was giving up by pleading guilty. This court informed Petitioner that if his guilty plea was accepted, "you'll leave with eight convictions, eight different counts awaiting sentencing."

This court informed Petitioner that the charge of mail fraud "has the following potential penalties: a maximum 20-year period of imprisonment, a maximum fine of up to $250,000 if you have the ability to pay, a maximum five-year period of supervised release, a mandatory $100 special assessment due at the time of sentencing." This court asked Petitioner if anyone told him or promised him what this court's sentence would be, and Petitioner answered, "No." This court then informed Petitioner that the court was not promising him any specific sentence or even indicating what his final guideline sentence would be. Assistant U.S. Attorney Bruce stated that they estimated that Petitioner's sentencing guideline range "will be 87 to 108 months." The following exchange then took place between this court and Petitioner:

> Q  Do you understand that at sentencing the government could make a recommendation. Say we end up in that sentencing range we just talked about, the - - and the government recommends the lowest

sentence within the range and your attorney agrees and then I decide, no, there's just something here that I find to be more egregious. I believe that you should receive the maximum of the guideline range, not the minimum.

Do you understand that if I do that you cannot withdraw your plea of guilty? You cannot demand a trial by jury. And under this agreement, you can't even appeal because as long as I sentence you within the guideline range, I haven't violated the agreement or the law.

Do you understand that?

A    Yes.

Q    So you understand I could ignore the recommendations of counsel, sentence you to a more severe sentence within the guidelines, and that you would have no recourse and couldn't start over and withdraw your plea of guilty or appeal. You understand that?

A    Yes.

At the plea hearing, Assistant U.S. Attorney Bruce recounted the factual basis for the plea. He stated that Petitioner owned and operated a securities brokerage business doing business as House Asset Management Limited Liability Corporation and House Edge Limited Partnership. Attorney Bruce stated that, beginning about June 2000 and continuing through May 2002, or later, Petitioner "knowingly devised and participated in a scheme to defraud by material misrepresentations, concealments, and omissions to obtain money by means of materially false and fraudulent pretenses, representations, and promises." Attorney Bruce then detailed how various victims were sent fraudulent account statements by Petitioner and received fraudulent representations in the mail. A

list of victims of Petitioner's fraud and the amount of each victim's loss was attached to the plea agreement. Based upon this list, the total restitution owed to the victims was $2,756,033.50.

This court then thoroughly discussed the waiver of appeal rights included in the plea agreement. This court went on to state:

> Then paragraph 35, page 16, is a further waiver called a waiver of a right to collaterally attack. And sometimes people after they've been sentenced, the time passes, and they can no longer appeal. They decide something went wrong. My lawyer's been ineffective. The Court maybe didn't have jurisdiction. Maybe the victims' restitution list is inaccurate.
>
> Do you understand that you would be waiving the right to come back in later under Title 28, United States Code, Section 2255, and challenge at a later date your attorney's representation, the Court's jurisdiction, the advice you've received, and the way the Court has proceeded as long as the Court proceeds within the guidelines?
>
> So, in effect, the waiver of the right to appeal and the waiver of the right to collateral attack means that if I sentence you within the guidelines, your sentence will be final.

Petitioner acknowledged that he was waiving these rights because he personally believed it was in his best interests in order to obtain the benefit of the concessions made by the Government in the agreement. This court then accepted Petitioner's guilty plea, finding that he entered into the plea "freely, voluntarily, knowingly and intelligently." This court set the case for a sentencing hearing.

Petitioner's sentencing hearing was held on April 8, 2004. The Government informed the

court that it would not be making a motion for a downward departure pursuant to § 5K1.1 for substantial assistance. Petitioner did not object to the calculations in the presentence investigation report which resulted in a sentencing guideline range of 87 to 109 months. The Government recommended a sentence of 87 months, noting that Petitioner did not challenge the number of victims, did not try to rationalize or minimize his conduct, and did not fight the freezing of his assets which resulted in the victims receiving about a 46 percent payback. Petitioner's counsel also recommended a minimum sentence of 87 months.

In imposing sentence, this court stated:

> And in fraud cases I tend to look at the damage, and the damage in this case is tremendous. As I said at the time I took the plea, it was like a spiraling hole. Maybe I should have put it: It's like a tornado. It gained momentum. It gathered victims, and it certainly has accomplished a great deal of harm.

This court then recounted the damage done to some of Petitioner's elderly victims, victims who placed their trust in Petitioner. This court further stated:

> The Court normally - - seeing this kind of devastation to a community and people, the elderly, the people who believe in Christian businessmen - - would impose the maximum sentence of 108 months. Therefore, I will consider the recommendation of the government - - not at the maximum, but at the minimum - - as well as the letters that have been received in this case. And so, therefore, the Court is moved to grant a relief in the sentence but only from the maximum level to the mid range; and, therefore, the Court believes

that the appropriate sentence in this case is 96 months.

This court subsequently entered an Order which set restitution at $2,755,760.41.

## ANALYSIS

As noted, on March 11, 2005, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) with supporting attachments. In response, the Government filed a Motion to Dismiss (#5). The Government argues that Petitioner waived his right to file a motion under 28 U.S.C. § 2255 and this waiver bars the motion he filed in this court. In the alternative, the Government has also argued that Petitioner's claims are completely without merit. This court agrees with the Government's arguments.

The written plea agreement Petitioner signed stated, in pertinent part:

> 35. The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or the laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the

>decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

The plea agreement further stated:

> 36. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is

> unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant . . . asks the Court to accept this waiver so he can receive the full benefit of this agreement. (Emphasis in original.)

As previously discussed, this court carefully discussed these provisions with Petitioner at the guilty plea hearing and determined that Petitioner understood the rights he was waiving and did so knowingly and voluntarily. Accordingly, a review of the record in this case demonstrates that it is replete with evidence that Petitioner knowingly and voluntarily entered into the plea agreement and waived his right to appeal and to file a collateral attack. See United States v. Lane, 2005 WL 2304754, at *2-3 (N.D. Ind. 2005).

The Seventh Circuit has recently noted that it strictly enforces waivers of the right to challenge a sentence "within the maximum provided in the statute of conviction." See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); see also United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005), cert. denied, 126 S. Ct. 320 (2005). In the Seventh Circuit, a defendant who, as part of a written plea agreement, expressly waives the right to file a § 2255 motion challenging his sentence may only file such a motion if he can demonstrate that the § 2255 waiver was either unknowing or involuntary or the result of the ineffective assistance of counsel. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); United States v. Kennedy, 2004 WL 2403806, at *1 (N.D. Ill. 2004); United States v. Schaffer, 2002 WL 31748619, at *1 (N.D. Ill. 2002). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1145; see also Reed v. United States, 2005 WL 1528371, at *2 (N.D. Ill.

2005). In this case, Petitioner has not raised any claims related directly to the waiver or its negotiation. See Schaffer, 2002 WL 31748619, at *1.

Instead, Petitioner has argued strenuously and at length that he was, in fact, sentenced to a term above the statutory maximum. Petitioner states that he does not wish to withdraw his guilty plea, but only wants to be re-sentenced to what he believes is the statutory maximum of five years.

In its Motion to Dismiss, the Government has conceded that, on July 30, 2002, the mail fraud statute, 18 U.S.C. § 1341, was amended by the White-Collar Crime Penalty Act of 2002, 116 Stat. 804, which increased the penalties for the offense of mail fraud from a statutory maximum of five years of imprisonment to a maximum of 20 years of imprisonment. The Government argues that all counsel, the probation office and the court believed that the scheme charged in the information extended beyond July 30, 2002, the effective date of the amendment to 18 U.S.C. § 1341. This court agrees that the record shows that everyone was in agreement that a 20-year maximum sentence applied. However, this court concludes that it is not clear from the record that this agreement was not merely the result of a failure of everyone involved to recognize that the statute's amendment occurred after the dates of Petitioner's acts which were set out in the information. The Government has conceded that the last mailing charged in the information occurred on June 1, 2002.

The Government next argues that the sentence imposed of 96 months did not exceed the statutory maximum because Petitioner pled guilty to eight counts of mail fraud. Therefore, it contends, the resulting statutory maximum penalty is actually 40 years, five years for each of the eight counts run consecutively. The Government argues that Petitioner's sentence of 96 months is, therefore, far below the statutory maximum and well "within the maximum provided in the statutes of conviction." The Government argues that, consequently, Petitioner's waiver of his right to pursue relief under § 2255 should be enforced. In support of this argument, the Government relies on United

States v. Gray, 332 F.3d 491, 492-93 (7th Cir. 2003).

In his Response, Petitioner argues that it "appears that the government is not interested in admitting their mistake and is interested only in trying to justify the mistake or make the Court believe it does not matter. In the meantime, Defendant-Petitioner Paul House will serve a sentence that is not judicially fair and offends judicial integrity and public reputation." This court remains convinced that Petitioner's sentence of 96 months for offenses involving an egregious scheme to defraud which caused enormous losses to elderly victims is clearly "judicially fair." This court further agrees with the Government that the sentence imposed does not exceed the statutory maximum.

In Gray, the Seventh Circuit considered a situation similar to the situation in this case. In Gray, the defendant was sentenced to a term of 87 months based upon an erroneous assumption that the statute allowed a maximum sentence of 120 months. However, the correct subsection of the statute actually provided for a maximum sentence of 60 months. The Seventh Circuit agreed with the Government's argument that a remand for resentencing was not warranted. Gray, 332 F.3d at 493. The Seventh Circuit stated that "no reversal is warranted under the plain error standard when the sentence imposed does not exceed the combined statutory maximum achievable by running the sentences consecutively." Gray, 332 F.3d at 493. In that case, the consecutive statutory maximum for the three counts the defendant was convicted of was 156 months, so the 87 month sentence was well below the total, consecutive maximum. Gray, 332 F.3d at 493. The Seventh Circuit noted that § 5G1.2(d) of the Sentencing Guidelines states:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total

punishment.

Gray, 332 F.3d at 493, quoting U.S.S.G. § 5G1.2(d) (2000); see also United States v. Veysey, 334 F.3d 600, 602 (7th Cir. 2003); United States v. Hernandez, 330 F.3d 964, 984-85 n.14, 15 (7th Cir. 2003).

The Seventh Circuit in Gray further noted that it has "refused to reverse a defendant's sentence under the plain error review if on remand the district court would impose the same total sentence by imposing the individual sentences consecutively rather than concurrently to achieve the total punishment as instructed in § 5G2.1(d)." Gray, 332 F.3d at 493. This court agrees with the Government that the decision in Gray is instructive in this case. Petitioner's argument would have had some merit if he had pled guilty to one count of mail fraud which, at the time it was committed, had a maximum sentence of five years. However, Petitioner pled guilty to eight counts of mail fraud. At the time of the guilty plea, this court advised Petitioner that he would "leave with eight convictions, eight different counts awaiting sentencing." This court has absolutely no doubt that it would have imposed consecutive sentences as to two of those counts, as instructed by § 5G2.1(d), in order to achieve the total punishment of 96 months. Based upon Gray, this court therefore agrees with the Government that the sentence imposed in this case did not exceed the "maximum provided in the statutes of conviction." Accordingly, Petitioner's motion under § 2255 is barred by his waiver and must be dismissed. See Kennedy, 2004 WL 2403806, at *2; Schaffer, 2002 WL 31748619, at *1. This court notes that the Seventh Circuit recently stated that "[w]e have never been reluctant to hold criminal defendants to their promises." Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005). Here, as in Roberts, "[t]here is no question that [Petitioner's] waiver encompasses the claims presented in the § 2255 motion." See Roberts, 429 F.3d at 724.

IT IS THEREFORE ORDERED THAT:

11

(1) The Government's Motion to Dismiss (#5) is GRANTED.  Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed.

(2) This case is terminated.

ENTERED this 16th day of February, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE